[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12234
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00252-CAR


ABDUL RASHID ISAAC,

Petitioner-Appellant,

versus

WARDEN,
ATTORNEY GENERAL, STATE OF GEORGIA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 19, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

Abdul Rashid Isaac, a Georgia prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus relief from his convictions for armed robbery, kidnapping with bodily injury, and kidnapping, which resulted in a life sentence. We granted a certificate of appealability on the issue of whether the district court failed to comply with our decision in Clisby v. Jones, 960 F.3d 925, 936 (11th Cir. 1992) (en banc), when it did not address Isaac's due process claim based on Garza v. State, 670 S.E.2d 73 (Ga. 2008). Isaac argued in the district court that, under the rule announced in Garza, the state trial court's failure to correctly instruct the jury on the kidnapping statute violated his due process rights, including the right to "fair warning that his specific contemplated conduct is forbidden," depriving him of a fair trial. See Garza, 670 S.E.2d at 76 (alteration and quotation marks omitted). The district court did not address that argument.

Clisby requires that a district court resolve all claims for relief raised in a § 2254 petition, regardless of whether it grants or denies habeas relief. 960 F.2d at 936. Isaac therefore contends (and the state agrees) that the district court committed Clisby error when it dismissed his § 2254 petition without resolving that Garza claim. He is correct. When a district court fails to address all of the claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Clisby,

960 F.2d at 938.  We therefore vacate and remand for further proceedings to include the consideration of Isaac's Garza claim.

**VACATED AND REMANDED.**